UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>                  Plaintiff,<br>   v.<br><br>MYERS REGULINSKI 1996<br>REVOCABLE TRUST,<br><br>                  Defendant. | CASE NO. 2:21-cv-01241-LK<br><br>ORDER GRANTING MOTION TO STAY |

      This matter comes before the Court on Defendant Myers Regulinski 1996 Revocable Trust's motion to stay the case pending a decision from the United States Supreme Court in another action that will shed light on whether Washington or New York law applies in this insurance dispute. Dkt. No. 18 at 1, 3. For the reasons set forth below, the Court grants the motion.

### I. BACKGROUND

      Plaintiff Great Lakes Insurance SE ("Great Lakes") issued a marine insurance policy to Myers Regulinski 1996 Revocable Trust (the "Trust") to cover its sailboat, the HANALEI. Dkt. No. 1 at 2–3; Dkt. No. 23-7 at 2–19 (the "Policy"). While the HANALEI was in Panama in August

2021, it was struck by lightning and damaged by the resulting fire. Dkt. No. 18 at 2; Dkt. No. 19-1 at 2. The Trust notified Great Lakes of the incident and made a claim under the Policy "demanding payment of the full insured value of the vessel or the full price for effecting extensive repairs [to] the vessel insured under the terms of the said policy." Dkt. No. 1 at 3–4. Great Lakes denied the claim and this action ensued. Dkt. No. 18 at 2; *see* Dkt. No. 1.

**A.    Great Lakes Files Suit for a Declaratory Judgment**

Great Lakes filed this action in September 2021 seeking a declaratory judgment to adjudicate the parties' rights under the Policy. Dkt. No. 1 at 1. It contends that its investigation revealed that at the time of the incident, "the vessel's fire extinguishing equipment had not been maintained in good working order nor had the tanks been weighed, certified and tagged." *Id.* at 3.

Great Lakes seeks declaratory judgment that the Policy is void or otherwise does not afford coverage for the incident—and Great Lakes thus has no liability under the Policy—because the Trust breached the Policy's warranty by (1) failing to maintain the vessel's fire extinguishing equipment in good working order, including failing to weigh that equipment; (2) maintaining the vessel in unseaworthy condition before and at the time of the incident; and (3) "misrepresente[ing] and/or fail[ing] to disclose the material fact that the fire extinguishing equipment aboard the vessel had not been inspected, certified and/or tagged as required under the terms of Plaintiff's policy" during the relevant time. *Id.* at 5–10.

The Policy includes a choice-of-law provision specifying that "any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York." Dkt. No. 23-7 at 17. The Trust filed an answer asserting an affirmative defense that the matter is governed by Washington law. Dkt. No. 11 at 4.

**B.     The Trust Moves to Stay Based on the *Raiders* Case**

On July 19, 2023, the Trust moved to stay this case. Dkt. No. 18. The Trust contends that Great Lakes "frequently" advances the argument it makes in this case: the insured's breach of a warranty provision voids the entire Policy, *id.* at 3, and it asserted that defense in a related case now pending before the Supreme Court, *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 47 F.4th 225 (3d Cir. 2022), *cert. granted in part*, 143 S. Ct. 999 (2023) ("*Raiders*"). In *Raiders*, a yacht insured by Great Lakes sustained damage when it ran aground, and Great Lakes denied coverage because the vessel's fire-extinguishing equipment had not been timely recertified or inspected. *Id.* at 227.

The policy at issue in *Raiders*, like the Policy here, required the insured to warrant that the vessel's fire-extinguishing equipment was "properly installed" and "maintained in good working order," including "the weighing of tanks once a year, certification/tagging and recharging as necessary." *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 521 F. Supp. 3d 580, 583 (E.D. Pa. 2021), *vacated and remanded by Raiders*, 47 F.4th at 233. And the policy in *Raiders* included the same choice-of-law provision as the Policy in this case. *Raiders*, 47 F.4th at 228; Dkt. No. 23-7 at 17. In *Raiders*, Great Lakes moved for a declaratory judgment that it was entitled to deny coverage based on Raiders' material misrepresentation and breach of the express warranty. *Raiders Retreat Realty Co.*, 521 F. Supp. 3d at 582. The United States District Court for the Eastern District of Pennsylvania agreed, applied New York law based on the language in the policy, and granted judgment on the pleadings. *Id.* On appeal, the Third Circuit held that the district court should have considered whether applying New York substantive law would contravene Pennsylvania's "strong public policy" under a Supreme Court case that "explained that . . . forum-selection articles in maritime cases should be enforced absent a 'strong showing' that 'enforcement would be unreasonable and unjust[.]'" *Raiders*, 47 F.4th at 230, 233 (quoting *M/S Bremen v.*

*Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Enforcement of a choice-of-law provision could be "unreasonable and unjust" where enforcement would "*contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.*" *Id.* at 230 (quoting *M/S Bremen*, 407 U.S. at 15) (emphasis added in *Raiders*). The Third Circuit remanded and instructed the district court "to consider whether Pennsylvania has a strong public policy that would be thwarted by applying New York law." *Id.* at 233. Great Lakes then petitioned for a writ of certiorari from the U.S. Supreme Court.

The U.S. Supreme Court granted certiorari on March 6, 2023 to decide the following question: "Under federal admiralty law, can a choice of law clause in a maritime contract be rendered unenforceable if enforcement is contrary to the 'strong public policy' of the state whose law is displaced?" *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, Case No. 22-500, Petition at i (U.S. Nov. 23, 2022); *id.* March 6, 2023 Order ("Petition GRANTED limited to Question 2 presented by the petition."). The Trust seeks a stay because "[t]he Supreme Court's decision in *Raiders* will provide an answer to the question of whether or not Washington law applies in this case." Dkt. No. 18 at 5. Great Lakes opposes the stay. Dkt. No. 26.

## II.   DISCUSSION

### A.   Jurisdiction

Federal courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction[.]" 28 U.S.C. § 1333(1); *see* Dkt. No. 1 at 2 (invoking the Court's admiralty jurisdiction). "A contract is within admiralty jurisdiction if its subject matter is maritime." *Royal Ins. Co. v. Pier 39 Ltd. P'ship*, 738 F.2d 1035, 1036 (9th Cir. 1984). The Ninth Circuit has "recognized repeatedly that marine insurance policies are maritime contracts for purposes of admiralty jurisdiction." *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1025 (9th Cir. 2001); *Those Certain Underwriters at Lloyd's of London v. Eugene Horton, LLC*, No. C11-2111-RSM,

2012 WL 1642208, at *3 (W.D. Wash. May 10, 2012) (admiralty jurisdiction existed because the insurance policy was "a quintessential example of a maritime insurance policy covering a vessel for maritime risks."). Here, the Policy covers the vessel for maritime risks, so this Court has admiralty jurisdiction. Dkt. No. 1 at 1, 3; Dkt. No. 23-7 at 2–19.

**B.  A Stay is Warranted in this Case**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Where, as here, other pending judicial proceedings may bear on the case, the Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In addition, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. The burden is on the moving party to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Trust argues that the applicable factors warrant a stay. Dkt. No. 18 at 7–10. Great Lakes counters that a stay is unwarranted because only one of its claims will be impacted by the choice-of-law issue, and the Trust has unreasonably delayed filing its motion. Dkt. No. 26 at 2–3.

1. Simplifying the Issues

The Trust avers that the Supreme Court's decision in *Raiders* will resolve the issue of whether Washington or New York law applies under identical insurance policy language, thereby eliminating that issue for motions and trial. Dkt. No. 18 at 7–8; Dkt. No. 28 at 5–6 (contending that the Supreme Court's decision "will provide valuable analysis" regarding how alleged breaches of the warranty regarding the firefighting system on board the vessel "are to be analyzed and what law applies"). While the Trust contends that Washington law applies, Dkt. No. 11 at 4, Great Lakes has moved for summary judgment arguing that either federal law or New York law applies, Dkt. No. 22 at 18. According to the Trust, the choice of law question matters because "the established policy of Washington is that 'a misrepresentation or omission does not void an insurance policy unless the misrepresentation is material to the loss,'" Dkt. No. 18 at 5 (quoting *Port Lynch, Inc. v. New England Int'l Assurety of Am., Inc.*, 754 F. Supp. 816, 819 (W.D. Wash. 1991)), and here "the alleged [misrepresentations about the vessel's fire extinguishing equipment] were not causally related to the loss," meaning that "coverage is not voided," *id.* at 2.[1] Meanwhile, according to Great Lakes, under both federal law and New York law, a policy containing a provision that voids the policy in the event the insured breaches a warranty is enforceable regardless of whether such breach is material to the insured's loss. Dkt. No. 22 at 18–19.[2]

Great Lakes concedes that "it is less than 100% certain" that the warranty issue "is governed by an entrenched rule of federal admiralty law," and argues that the Court must therefore engage in a "torturous choice of law analysis" that should ultimately result in the Court "reject[ing]

---

[1] Similarly, in *Raiders*, Great Lakes denied the insured's claim based on the existence of defective fire-extinguishing equipment even though the damage was caused by the vessel running aground, not by fire. 47 F.4th at 227.

[2] Great Lakes also contends that only one its three causes of action involves the warranty and firefighting system that implicates the choice-of-law issue in *Raiders*. Dkt. No. 26 at 2. The Trust counters that all of Great Lakes' claims involve "alleged breaches of warranties that relate to the fire suppression system[.]" Dkt. No. 28 at 5–6.

the Third Circuit's faulty reasoning" in *Raiders*. Dkt. No. 22 at 12, 15, 17. But whether the Third Circuit's reasoning was faulty is precisely the issue before the Supreme Court. In light of the parties' competing views on which state's law applies and the importance of that determination to the warranty-related issues, the Supreme Court's *Raiders* decision will simplify the issues and promote the orderly course of justice by resolving the choice-of-law issue. And even if the *Raiders* decision will not impact *all* of the issues in this case, the benefits of narrowing the issues still exist. *Leyva*, 593 F.2d at 863–64 (a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court.").[3] Other courts in this district have granted stays where it is anticipated that a decision from a higher court will provide valuable guidance on a pending issue. *See, e.g.*, *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (granting a stay when the Supreme Court granted certiorari in another case and resolution of the shared issue, and the Supreme Court's reasoning, would assist the district court); *Borden v. eFinancial, LLC*, No. C19-1430-JLR, 2020 WL 7324815, at *2 (W.D. Wash. Oct. 16, 2020) (granting a stay and considering the "most important[] factor" to be that "the Supreme Court's decision w[ould] inform the central question at issue"); *Rittmann v. Amazon.com Inc.*, No. C16-1554-JCC, 2017 WL 1079926, at *2 (W.D. Wash. Mar. 22, 2017) (finding that granting a stay was supported when the same issue would be clarified in another case). The likelihood that the Supreme Court's decision *in* Raiders will simplify and narrow the issues thus favors a stay.

    2. <u>Hardship and Inequity Absent a Stay</u>

The Trust also contends that it will suffer hardship and inequity absent a stay because it

---

[3] Great Lakes also argues that even if the Court were to apply Washington's choice-of-law rules as urged by the Trust, its "review of the Washington State law will not indicate that there is any such 'strong public policy' adequate to convince this Court to ignore the otherwise binding effects of the New York State law specified under the policy's Choice of Law clause." Dkt. No. 26 at 3. The Trust disputes that point. Dkt. No. 28 at 6. Regardless of the merits of those positions, Great Lakes' argument underscores that it is most efficient for the Court to await guidance from the Supreme Court about which law applies rather than analyzing potentially inapplicable Washington law now.

ORDER GRANTING MOTION TO STAY - 7

"will be forced to conduct discovery, engage in pre-trial motions practice, and prepare for trial on an issue which the U.S. Supreme Court will resolve in the *Raiders* decision – namely whether Washington or New York law govern[s] this dispute." Dkt. No. 18 at 7. The deadline to conduct discovery passed on July 3, 2023, before the Trust filed this motion, so the Trust's arguments regarding discovery are unpersuasive. Dkt. No. 13 at 1. But the Trust's other arguments are more convincing; absent a stay, the parties will be required to brief the motion for summary judgment, file motions in limine, and prepare for trial without guidance from the Supreme Court about which law applies. *See, e.g.*, *Borden*, 2020 WL 7324815, at *3 (granting a stay where doing so would prevent the likely imposition of financial hardship on the defendant, including the resources spent "briefing motions that might ultimately prove to be affected or rendered unnecessary by the Supreme Court's resolution" of the related case). This factor therefore weighs in favor of a stay.

### 3. Possible Damage from Granting a Stay

Great Lakes does not allege that it will be harmed or prejudiced by the delay while awaiting a decision in *Raiders*, and no such harm is apparent. Harm to the non-moving party is less likely where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2018). Although Great Lakes seeks declaratory relief, no harm is expected from a delay because the underlying issue is monetary, and as the Trust notes, Great Lakes currently holds the money based on its denial of the Trust's claim. Dkt. No. 18 at 9 (arguing that Great Lakes "will suffer no financial hardship by granting a stay of the present action, as they have the funds sought by [the Trust] in this action.").

### 4. Delay

Great Lakes argues that the Trust unnecessarily delayed bringing this motion to stay. Dkt. No. 26 at 2 (complaining that "it is quite simply outrageous for [the Trust] to come before this

ORDER GRANTING MOTION TO STAY - 8

Court to ask for a [s]tay" four months after the Supreme Court granted certiorari in *Raiders* in March 2023 and "with barely a week remaining before summary judgment motions [were] due to be filed"). The Trust filed this motion on July 19, 2023, Dkt. No. 18, and dispositive motions were due on August 1, 2023, Dkt. No. 13 at 1. True enough, the Trust should have filed its motion sooner to obtain a ruling on the stay before the deadline to file summary judgment motions. However, the Trust's motion is not untimely under the Court's scheduling order, and months remain before the December 2023 trial date. *Id.* Moreover, in evaluating the delay factor, courts focus on whether a stay would result in prolonged or indefinite delay. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (explaining that a stay "should not be indefinite in nature" and "'should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.'" (quoting *Leyva*, 593 F.2d at 864)). Here, even if the Trust had moved for a stay earlier, a decision in *Raiders* would not issue any sooner. Moreover, the requested stay is not indefinite and will be lifted once the Supreme Court issues its decision, which should occur within a reasonable period of time.

Finally, a stay will not cause *unnecessary* delay because it will avoid the danger of inconsistent results. "While a delay in proceedings certainly imposes some hardship on both parties, the hardship that could result from conflicting rulings would be far greater." *H Lodge LLC v. Liberty Mut. Fire Ins. Co.*, No. C21-5184-BHS, 2022 WL 279070, at *4 (W.D. Wash. Jan. 31, 2022). Accordingly, the factors weigh in favor of granting the requested stay.[4]

### III.   CONCLUSION

For the foregoing reasons, the Trust's motion to stay, Dkt. No. 18, is GRANTED and the Court STAYS these proceedings pending the Supreme Court's decision in *Raiders*. The Court

---

[4] Neither party has identified questions of law that could be expected to result from the stay, *CMAX, Inc.*, 300 F.2d at 268, and none are apparent. This factor therefore appears to be neutral.

ORDER GRANTING MOTION TO STAY - 9

1 further DIRECTS the parties to submit a joint status report within 30 days of the date of that
2 decision.
3       Dated this 14th day of August, 2023.

                                                    *Lauren King*
                                           Lauren King
                                           United States District Judge

ORDER GRANTING MOTION TO STAY - 10